NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3223 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00174-RSM-1 |
| v. | MEMORANDUM[*] |
| VOLODIMYR PIGIDA, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3224 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-00294-RSM-1 |
| v. | |
| VOLODIMYR PIGIDA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted August 3, 2026
Seattle, Washington

Before: HAWKINS, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Following a jury trial, Volodimyr Pigida was convicted of conspiracy, wire fraud, bankruptcy fraud and several other felonies in connection with his operation of Trend Sound Promoter ("TSP"), a Ponzi scheme. Pigida fled the state before he could be sentenced, however, and was apprehended after a months-long search. In this appeal, Pigida challenges the district court's failure to give the jury a specific unanimity instruction, admission of prior act and hearsay testimony, denial of a Rule 29 motion, and failure to credit his acceptance of guilt. We affirm.

1. The district court did not abuse its discretion by failing to give Pigida's requested unanimity instruction. *See United States v. Bello-Bahena*, 411 F.3d 1083, 1089 (9th Cir. 2005). The evidence supports that there was one overall conspiracy involving wire fraud, mail fraud, and bankruptcy fraud. *See United States v. Lapier*, 796 F.3d 1090, 1096–98 (9th Cir. 2015) (discussing factors that contribute to jury confusion such that a specific unanimity instruction becomes necessary). Unlike in *Lapier,* the conspirators here were the same two people, and while their bankruptcy fraud started later than the wire fraud and mail fraud, it was perpetrated during an overlapping period and in furtherance of the scheme. *See id.* And, in any event, any error was harmless because Pigida was convicted of all counts. *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1572–73 (9th Cir. 1989) ("With [defendant's] conviction of the two conspiracies, all of the substantive offenses committed by his co-conspirators could be attributed to [defendant]. . . . Although it

2

would have been the better practice to give a specific unanimity instruction, any error in this case was harmless.").

2. Pigida argues the district court abused its discretion by admitting testimony from a victim-witness about his prior dealings with Pigida. We need not decide whether the district court erred, as any error in admission was harmless because "it is more probable than not that the error did not materially affect" the jury's verdicts. *United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015) (citation modified). The prior act testimony was a brief moment in an eleven-day trial, and the record is replete with other evidence of Pigida's guilt. *See United States v. Rendon-Duarte*, 490 F.3d 1142, 1145 (9th Cir. 2007).

3. We also decline to reverse based on the district court's admission of an FBI agent's testimony that the Securities and Exchange Commission had initially referred the case, "alleging that Trend Sound Promoter might be a Ponzi scheme or a fraud scheme." The testimony was not inadmissible hearsay because it was offered to explain how the criminal investigation began, not for the truth of the matter asserted. *See United States v. Audette*, 923 F.3d 1227, 1238 (9th Cir. 2019). In any event, any error in admitting the testimony was harmless. *See Rendon-Duarte*, 490 F.3d at 1145.

4. The district court also correctly denied Pigida's Rule 29 motion for acquittal. Pigida's omission of a $1.45 million withdrawal from bankruptcy records

3

was sufficient to constitute a violation of 18 U.S.C. § 152(3) (false statements in a bankruptcy case) because it was not merely "misleading," it was false. Therefore, the Supreme Court's holding in *Thompson v. United States* that "a statement that is misleading but true is by definition not a 'false statement'" does not direct acquittal or reversal even if it applies to 18 U.S.C. § 152(3). 604 U.S. 408, 414 (2025).

5. Finally, there was no error in failing to credit Pigida's acceptance of responsibility. Pigida's acceptance of responsibility came only after a jury found him guilty on all counts and his subsequent attempt to flee from the justice system ended in a months-long search culminating in a standoff with law enforcement. Even then, Pigida continued to shift blame for his fraud to "hackers" and his inexperience with technology, business, and law.

"[A] downward adjustment for acceptance of responsibility generally is not intended to apply to a defendant, like [Pigida], 'who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.'" *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017) (quoting U.S.S.G. § 3E1.1 cmt. 2). It certainly is not intended to apply to a defendant who accepts responsibility only after his post-conviction attempt to evade justice is foiled.

**AFFIRMED.**